# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

UNITED STATES OF AMERICA      )
                                           )
        v.                              )      2:11-cr-00077-PPS
                                             )
JUAN BRISEÑO                   )

## OPINION AND ORDER

Briseño is charged with committing six murders, among other crimes. The government has provided to the Court and the defense the PowerPoint deck of slides that it intends to use during its opening statement at trial. Those slides include photos. The government intends to show a photo of each victim alive, and later that photo juxtaposed with a black-and-white photo of the victim after he was killed. Briseño objects to the inclusion of the post-mortem photos under Rule 403 as unfairly prejudicial material for an opening statement. I reviewed the entire slide presentation, then heard argument on Briseño's objection on January 29, 2015. I overruled the objection in an oral decision from the bench, and this Order confirms and explains that decision in detail in conformance with Seventh Circuit requirement. *See United States v. Eads*, 729 F.3d 769, 777 (7th Cir. 2013) ("[A] pro-forma recitation of the Rule 403 balancing test does not allow an appellate court to conduct a proper review of the district court's analysis. To avoid this trap, a district court should carefully analyze the prejudicial effect of the evidence, and provide a considered explanation of its reasons for admitting the evidence." (quotation marks, brackets, citations omitted)).

During the guilt phase of this capital trial I must make determinations of evidence admissibility based on Federal Rule of Evidence 403, as I would in any other trial. Rule 403 permits me to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Relevance is determined based on a piece of evidence's "tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence is generally admissible, except when it's not, based on law or rule. Fed. R. Evid. 402.

In Rule 403 "[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Committee Notes to the Rule indicate that the different ground, or improper basis, for decision is often an emotional one. The key modifier in Rule 403 relevant to the present issue is that the hazarded prejudice must be *unfair*. "Because all probative evidence is to some extent prejudicial, [the Seventh Circuit has] consistently emphasized that Rule 403 balancing turns on whether the prejudice is *unfair*." *United States v. Eads*, 729 F.3d 769, 777 (7th Cir. 2013) (quotation marks, citation omitted) (emphasis in original) (given certain factual disputes government may publish to jury portions of charged images of child pornography). A claim under Rule 403 is

"necessarily context-sensitive" and therefore within the discretion of the trial court. *See id.* at 776

If I find that a danger of unfair prejudice exists, then I will weigh the danger against the probativeness of the evidence and exclude the evidence if the former *substantially* outweighs the latter. "When determining the admissibility of evidence under Rule 403, this Court employs a sliding scale approach: as the probative value increases, so does our tolerance of the risk of prejudice." *United States v. Earls*, 704 F.3d 466, 471 (7th Cir. 2012) (quotation marks and brackets omitted) (citing *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012)).

Briseño's argument has a few different prongs. He claims that it's unfairly prejudicial to hit jurors with graphic images of dead victims right out of the gate. He also argues that at this point it's unclear exactly what relevance each of the government's chosen photographs has. That is, he acknowledges that there are valid reasons for the government to use photos of crime scenes and murdered victims (e.g., to prove that someone is dead and a murder happened, or to prove something about how the crime was committed using facts like bullet trajectory or point of entry), but at this point it's unclear exactly what disputed facts these particular photos evidence. Finally, Briseño also raises a concern about the juxtaposition of the pre-autopsy photo with the living-color picture of the smiling victim.

I carefully reviewed every slide of the government's PowerPoint presentation (entered into the record at the January 29 hearing as Exhibit A). The murder victim slides Briseño objects to are prejudicial, no doubt about it. There were six dead bodies

lying on metal slabs in the Medical Examiner's Office, and the victims' violent deaths make their bodies unpleasant to look at. But I will only weigh probative value against *unfair* prejudice under Rule 403. Whatever forensic evidence the government may use to prove the manner of death of each victim, it is of unquestionable relevance and high probative value that the body at the morgue was dead, and that it was the body of the living person shown in the color photo on the slide. *See, e.g., United States v. Rivera-Rodriguez*, 617 F.3d 581, 594-95 (1st Cir. 2010) ("Rule 403 gives trial courts broad discretion to reject evidence when its probative value is substantially outweighed by the danger of unfair prejudice. In a prosecution alleging that the defendants participated in a murder, the district court may conclude that photographic evidence of the murder helps the jury understand the nature and severity of the charged conduct and is not unfairly prejudicial." (citations omitted.)).

The government stated that it has a good-faith basis to believe that each of the photos in the opening presentation will be deemed admissible at trial. The government also noted during argument that it offered to allow Briseño to stipulate to the deaths, which would have obviated the need for the post-mortem photos, but Briseño chose not to do so. While the government won't be permitted to show every picture it has of every dead body, at a minimum it will need to show one, and it will need to allow comparison with a photo showing the victim alive. Some of the photos show bullet wounds, but that is simply reality, not unfair sensationalism. None of the photos for the opening are mid-autopsy, and, in fact, most of the blood has been wiped up. The government also argued that the post-mortem photos of Luis Ortiz and Miguel Mejias (referred to in the

4

PowerPoint as "Miguel Meijas") each show a Latin King tattoo on the victim's chest, which is relevant to the government's argument about gang affiliation and motive for murder.

In short, the single photo of each dead body is not unfairly prejudicial, and furthermore is relevant and necessary to the government's case, as is the juxtaposition with the photo of each victim before he was murdered. So I find there is no risk of unfair prejudice, but even if there were it would not substantially outweigh the probative value of the challenged presentation slides. The government has not chosen the most inflammatory photos available. The slides in the presentation go as far as the government's proof needs to go with respect to proving the murders, and no further. The photos depict a grim reality. Six grim realities. The government will still need to connect the six deaths to Briseño beyond a reasonable doubt, and the photos don't unfairly prejudice Briseño in his defense against the government's attempt to do that.

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant Briseño's request to exclude certain slides from the government's opening statement presentation is **DENIED**.

SO ORDERED.

ENTERED: January 29, 2015

 /s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT